UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ROBERT L. SMALLWOOD, | ) | CASE NO. 1:09 CV 1882 |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| JAMES GOODWIN, et al., | ) | AND ORDER |
| Defendants. | ) | |

On August 11, 2009, plaintiff pro se Robert L. Smallwood, an inmate at FCI Terre Haute, filed this civil rights action against James Goodwin, John M. Manos, Gregory White, Blas E. Serrano, U.S. Marshal Service, Unknown Warden CCA, Unknown Warden USP Atlanta, and Unknown Warden, FCI Terre Haute. The complaint, which seeks monetary relief, alleges plaintiff's criminal conviction and current incarceration are invalid because the trial court lacked jurisdiction over the subject matter. For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915(e).

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable

basis in law or fact.[1]  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

The Supreme Court has held that, when a prisoner challenges "the very fact or duration of his physical imprisonment, ... his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 501 (1973).  Further, absent allegations that criminal proceedings terminated in plaintiff's favor or that a conviction stemming from the asserted violation of his rights was reversed, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus, he may not recover damages for his claim.  *Heck v. Humphrey*, 512 U.S. 477 (1994).

Accordingly, this action is dismissed under section 1915(e).  Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                    */s/Dan Aaron Polster 10/15/09*
                                    DAN AARON POLSTER
                                    UNITED STATES DISTRICT JUDGE

---

[1]  A claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute.  *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986);  *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).